A. S. ALLENDORPH AND E. J. BUCKINGHAM, *Partners as Allendorph & Buckingham*, v. W. R. BANKS.

### No. 469.*

LANDLORD AND TENANT—*Measure of Damages—Erroneous Instructions.* By the terms of a lease, B. agreed to put a fence on the premises in good condition, to provide two water-tanks, connect the same with the spring, and construct a pond for watering purposes; and if the water from the spring and pond should be insufficient for 200 head of cattle, that he would put in a well and windmill. At the trial it was insisted that B. failed to construct the pond in a seasonable time, that the spring practically failed, and that the well was not dug to a proper depth nor at the proper time to furnish water; that by reason thereof there was an insufficient supply of water in the pasture, in consequence of which the cattle owned by the tenants were injured, and removed from the pasture long before the expiration of the lease. The court erroneously instructed the jury as to the measure of damages, by which instruction defendants were permitted to recover damages to which they were not entitled. *Held*, that such error was not prejudicial, for the reason that there was no evidence offered at the trial tending to show the measure of damages recoverable in such case.

Error from Wabaunsee district court; WILLIAM THOMSON, judge. Opinion filed December 15, 1898. Affirmed.

*Cornell, Hick & Jones*, for plaintiffs in error.

*D. V. Sprague*, for defendant in error.

The opinion of the court was delivered by

McELROY, J. : This action was brought by the defendant in error W. R. Banks against the plaintiffs in error Allendorph & Buckingham for the recovery of $310, for the use of pasture lands, and for damages sustained by reason of defendants' violating the terms

* Petition for order to certify denied by supreme court February 11, 1899.—REP.

of the lease. The defendants' answer was a general denial, except that they admitted the execution of the lease and claimed damages by reason of the failure of the plaintiff to make improvements agreed on ; and then claimed also a credit for money paid out for the use of the plaintiff in the sum of $45. The reply was a general denial. A trial was had before the court and a jury, which resulted in a verdict for plaintiff in the sum of $225.24. The defendants filed a motion for a new trial, which was overruled, and present the case to this court for review.

The plaintiffs in error contend that the trial court erred in excluding certain evidence offered at the trial. We are referred in the brief to several pages of the record for such evidence ; there is no attempt to comply with the rules of the court by setting out such evidence and we decline to consider the matter.

The contention is also made that the court erred in charging the jury as to the measure of damages recoverable by the defendants. We concede that the instruction does not correctly state the law applicable to the measure of damages. The court thereby permitted the jury to make an allowance of damages to the defendants which was not properly recoverable. This error does not, however, prejudicially affect the substantial rights of the defendants. By the terms of the lease, Banks agreed to put the fences on the premises in good condition, to provide two water-tanks of thirty barrels each, and connect the same with the spring ; to construct a pond for watering purposes ; and agreed that if the water from the spring and pond be insufficient for 200 head of cattle he would put in a well and windmill. It is insisted that he failed to construct the pond in seasonable time ; that the spring practically failed ; and that the well was not dug to

Allendorph v. Banks.

a proper depth nor at the proper time to furnish water; that by reason thereof there was an insufficient supply of water in the pasture, in consequence of which the cattle were injured, and removed from the pasture long before the expiration of the lease; and that thereby the defendants were damaged in a much larger sum than the amount of rent due.

The true measure of damages recoverable by the lessee for the lessor's alleged breach of his covenant to make repairs is the difference between the agreed rent and the rental value of the premises without the repairs.   There is no evidence in the record, nor was there any evidence offered, tending to show the rental value of the premises without the improvements. There is a total want of evidence on which to base an instruction for the actual damage recoverable.   Can there be a recovery of damages in such case without evidence?

These are the only errors argued.   We think the trial court committed no error prejudicial to the rights of the plaintiffs in error.   The verdict and judgment in this case are fully supported by the evidence, and are affirmed.